IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR545 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS SAMPERI, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's Motion for Leave to Proceed In Forma Pauperis. (Filing No. 48). The defendant filed a similar motion on July 21, 2006. This court dismissed the motion and instructed the defendant that in order to receive free copies of court documents he must file a 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (§ 2255 motion). (Filing No. 47). The defendant did not file a motion for post-conviction relief, and again moves to proceed IFP in order to obtain free copies of court documents.

The court will again advise defendant that 28 U.S.C. § 2250 contemplates the filing of a motion for collateral review of a conviction, such as a § 2255 motion, and a motion for leave to proceed in forma pauperis **before** free copies of the record or parts of the record may be furnished to the moving party. Section 2250 states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

1

Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides funds for a transcript if the defendant qualifies. "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  Id.

Defendant is also again advised that 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions.  Absent a later triggering date, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  The defendant's challenged judgment became final for direct review on September 29, 2005.

IT IS ORDERED:

1.  That the defendant's Motion for Leave to Proceed in forma pauperis (Filing No. 48) is denied;

2.  The Clerk of Court is directed to send a copy of this Order to defendant at his last-known address.

DATED this 2nd day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge